# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL SCROGGINS**, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 10-275-FHS-KEW |
| **MIKE MULLIN, Warden,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Lexington Correctional Center in Lexington, Oklahoma, is challenging his loss of earned credits from two misconduct convictions he received while housed at Jess Dunn Correctional Center in Taft, Oklahoma.

The record shows that on June 22, 2009, petitioner was issued a misconduct report for Individual Disruptive Behavior, after his urine drug tests on June 20, 2009, were positive for marijuana, and he admitted he had smoked marijuana within two weeks of the offense (Misconduct #1). A hearing was held on June 24, 2009, with petitioner present. He was found guilty of both offenses, based on the urine test results and his admission. Discipline was imposed, and the facility head reviewed and approved on June 25, 2009. Petitioner appealed the results of the disciplinary hearing and was denied final relief on August 25, 2009.

Also on June 22, 2009, petitioner received a second disciplinary report for Possession of Contraband, after prison staff found "green leafy" material in the sole of a boot under

petitioner's assigned bunk on June 20, 2009 (Misconduct #2). The material tested positive as being marijuana. A hearing was held on June 24, 2009, with petitioner present. He was found guilty, based on the marijuana that was found under his bunk and the fact that inmates are responsible for items in their living areas, and punishment was imposed. The facility head reviewed and approved on June 25, 2009, and petitioner's appeal to the facility head and director was denied on August 25, 2009.

On October 26, 2009, petitioner sought judicial review of the two misconduct convictions, pursuant to Okla. Stat. tit. 57, § 564.1, in Oklahoma County District Court Case No. CJ-10074. He was denied relief, because his "request for judicial review of two (2) disciplinary proceedings clearly [ran] afoul of the procedural requirements and limitations" of Okla. Stat. tit. 57, § 564.1(A)(3), which limits review to only one disciplinary report. *Scroggins v. Oklahoma Dep't of Corr.*, No. CJ-2009-10074, slip op. at 2 (Okla. County Dist. Ct. Dec. 30, 2009). No appeal was filed.

On January 19, 2010, petitioner sought separate judicial reviews of his misconducts for Individual Disruptive Behavior and Possession of Contraband. The state district court denied relief in both cases, because the petitions were filed out of time. *Scroggins v. Oklahoma Dep't of Corr.*, No. CV-2010-067, slip op. at 1 (Okla. County Dist. Ct. Apr. 26, 2010) (Misconduct #1); *Scroggins v. Oklahoma Dep't of Corr.*, No. CV-2010-068, slip op. at 3 (Okla. County Dist. Ct. May 6, 2010) (Misconduct #2).

On May 7, 2010, petitioner filed an appeal of Misconduct #1 with the Oklahoma Court of Criminal Appeals, which affirmed the state district court's dismissal. *Scroggins v. Oklahoma*, No. REC-2010-426 (Okla. Crim. App. June 24, 2010). The Court of Criminal Appeals found petitioner had "cited no authority which establishes that any doctrine of

equitable tolling should apply to judicial reviews of prison disciplinary proceedings," and he had "not established that the District Court erred or abused its discretion." *Id.*, slip op. at 1.

On May 21, 2010, petitioner filed an appeal of Misconduct #2, and the Court of Criminal Appeals affirmed the dismissal by the state district court in *Scroggins v. Oklahoma*, No. REC-2010-486 (Okla. Crim. App. June 24, 2010). The Court of Criminal Appeals again found petitioner had failed to cite authority for equitable tolling, and he had not demonstrated error or an abuse of discretion by the state district court. *Id*., slip op. at 1.

The respondent has moved for dismissal on the ground that the petition is procedurally barred.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, the Oklahoma Court of Criminal Appeals affirmed the dismissal of his petitions for judicial review for his failure to file them in accordance with the State's procedural rules. *See* Okla. Stat. tit. 57, § 564.1(A)(1). This is an independent and adequate state ground that bars federal habeas review. *See Coleman*, 501 U.S. at 750.

Petitioner's procedural default may be excused if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (quoting *Coleman*, 501 U.S. at 750).

3

Petitioner argues in his response to the motion to dismiss that he did not know he could appeal the dismissal of his first petition for judicial review, so he filed separate petitions for the two misconducts. Ignorance of the rules of law, however, does not qualify as cause. *See Watson v. New Mexico*, 45 F.3d 385, 388 (10th Cir. 1995). He also argues he diligently pursued his claims, and the state court should have allowed equitable tolling of the filing deadline, but he has presented no authority for his claims. Because petitioner has failed to show cause for the default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993). Regarding the fundamental miscarriage of justice exception, it "is a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent'" *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999)). Petitioner has not made this showing.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as procedurally barred [Docket #7] is GRANTED, and this action is, in all respects, DISMISSED.

IT IS SO ORDERED this 10th day of March, 2011.

Frank H. Seay
United States District Judge